No. 80-397

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

THE BOARD OF BARBERS OF THE DEPARTMENT
OF PROFESSIONAL AND OCCUPATIONAL
LICENSING OF THE STATE OF MONTANA,

Respondent and Appellant,

vs.

BIG SKY COLLEGE OF BARBER-STYLING, INC.,
a Montana Corporation,

Petitioner and Respondent.

---

Appeal from:  District Court of the Fourth Judicial District,
Honorable James B. Wheelis, Judge presiding.

Counsel of Record:

For Appellant:

Roger Tippy, Helena, Montana

For Respondent:

Ellingson and Lovitt, Missoula, Montana

---

Submitted on briefs: February 25, 1981

Decided: APR 24 1981

Filed: APR 24 1981

Thomas J. Kearney.
_____
                              Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The sole issue in this case is the validity of an administrative rule of the Board of Barbers requiring a year's apprenticeship served in a commercial barbershop prior to examination and licensing as a barber. The District Court held the rule invalid. We affirm.

In October, 1979, Big Sky College asked the Board of Barbers if Clare Delaney, a recent graduate, could teach at the college and qualify that teaching activity as an apprenticeship for the purpose of examination and licensing as a barber. The Board treated this request as a petition for a declaratory ruling under the Montana Administrative Procedure Act (MAPA). Following a hearing, the Board ruled that the teaching activity could count for half a year's apprenticeship provided the other half year was served in a commercial barbershop.

Big Sky College petitioned for judicial review of that ruling. The District Court of Missoula County held the rule invalid and awarded summary judgment in favor of the College. The Board has appealed this judgment to this Court.

The parties have stipulated that Clare Delaney will retain her license regardless of the outcome of this appeal. Thus it is only the validity of the rule as interpreted by the Board that is the subject of this appeal.

The relevant statute provides:

"On completion of 1 year of apprenticeship under the immediate personal supervision of a licensed barber, an apprentice must apply to the department to take the examination for a barber's certificate of registration." Section 37-30-305, MCA.

An apprentice is statutorily defined as follows:

"An 'apprentice', under this chapter, is a person who receives instruction in an approved barber school or college and from a barber authorized to practice barbering in this state." Section 37-30-101(2), MCA.

The Board's rule at issue here provides:

> "Every apprentice must serve one normal work year, or its equivalent at the discretion of the board, as an apprentice before he can take the barber examination." Section 40-3.18(6) - S 1860(3) MAC.

The Board argues that it has authority to adopt rules for administering a statutory grant of power, citing section 37-30-203(2), MCA; it contends that its rule interpreting the statutory term "one year of apprenticeship" falls within its authority where the legislature gave no guidance as to its meaning. The Board urges us to apply the MAPA standard of "reasonable necessity to effectuate the purpose of the statute" in determining the validity of its rule, citing sections 2-4-305(4), (5), and 2-4-506(1) and (2), MCA. The Board criticizes recent Montana cases as developing a common law inconsistent with the statutes. Specifically, appellant criticizes the following language in Bell v. Dept. of Professional and Occupational Licensing (1979), ____Mont.____, 594 P.2d 331, 36 St.Rep. 880:

> "The courts have uniformly held that administrative regulations are 'out of harmony' with legislative guidelines if they (1) 'engraft additional and contradictory requirements on the statute' (citation omitted); or (2) if they engraft additional, noncontradictory requirements on the statute which were not envisioned by the legislature. Arizona St. Bd. of Funeral Directors v. Perlman (1972), 108 Ariz. 33, 492 P.2d 694."

The Board contends the second Bell test above is inaccurate and should not be applied.

We agree that in determining the validity of the Board's rule in this case the MAPA test of "reasonable necessity to effectuate the purpose of the statute" should be applied. The statute expressly so provides:

> "Whenever by the express or implied terms of any statute a state agency has authority to adopt rules to implement, interpret, make specific, or otherwise carry out the provisions of the statute, no rule adopted is valid or effective unless consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose of the statute." (Emphasis added.) Section 2-4-305(5), MCA.

We disagree that recent Montana cases have adopted a different standard or have developed a common law inconsistent with the statutes. The language criticized by the Board in _Bell_ articulates the two requirements of section 2-4-305(5), MCA, quoted in the preceding paragraph. In _Bell_ we held an administrative rule of the Board of Barbers invalid which required the successful passing of an instructor's examination for licensing as a barber instructor in the face of a statute that required only 10 years experience and a character investigation. State ex rel. Swart v. Casne et al. (1977), 172 Mont. 302, 564 P.2d 983, struck down administrative rules of the Department of Community Affairs that were in conflict with Montana's Subdivision and Platting Act. We invalidated an administrative rule of the Department of Social and Rehabilitation Services that required application for benefits within 5 days after receipt of medical care because the rule did not effectuate the purpose of the statute, viz. providing aid to the indigent. Michels v. Dept. of Social and Rehabilitation Services (1980), ___Mont.___, 609 P.2d 271, 37 St.Rep. 546. Contrary to appellant's contention, these recent Montana cases have consistently applied the MAPA standards in determining the validity of administrative rules adopted by state agencies.

We apply the same MAPA standards in this case. Here the statute requires a year of apprenticeship served "under the immediate personal supervision of a licensed barber" in order to qualify for examination and licensing as a barber. The Board's rule requires an apprentice to serve "one normal work year, or its equivalent at the discretion of the board" before a person becomes eligible for examination and licensing as a barber. "Normal work year" as interpreted by the Board under its rule means an apprenticeship served in a commercial barbershop setting, while the statute simply requires a year's apprenticeship served "under the immediate personal supervision of a licensed barber." Thus the Board's rule engrafts an additional

requirement on apprenticeship not contained in the statute. In our view, this additional requirement that apprenticeship be served in a commercial barbershop does not satisfy the test of "reasonable necessity to effectuate the purpose of the statute," section 2-4-305(5), MCA, viz. requiring a period of training prior to qualifying for examination and licensing as a barber. It engrafts additional, noncontradictory requirements on apprenticeship prohibited by Bell and Michels. We hold the rule as interpreted by the Board invalid.

Affirmed.

_Frank I. Haswell_
Chief Justice

We concur:

_John Conway Harrison_

_____

_Daniel J. Shea_

_____
Justices

- 5 -