MR. JUSTICE WEBER
delivered the opinion of the Court.
Plaintiff carpenters claimed penalties for late payment of wages due under a working agreement with James Hoselton, d/b/a Hoselton Framing (Hoselton), subcontractor, and W.D. O’Connell, and Donald Bennett, d/b/a Bennett Builders (Bennett), the prime contractor. Bennett cross-claimed against Aetna Casualty & Surety Co. (Aetna) for failure to pay Bennett as required by a labor and materials bond issued to Hoselton as subcontractor, requesting punitive damages and attorney’s fees because of Aetna’s alleged bad faith. The District Court of Deer Lodge County awarded $4,176.48 to plaintiff carpenters, and $35,534.12 damages plus $100,000.00 in punitive damages to Bennett, plus attorney’s fees, which were not initially determined. There were extensive post- *417 judgment motions to amend findings and judgment, for new trial, and for relief from findings, conclusions and judgment. Appeal follows denials of all of these motions. We affirm in part and reverse in part.
I.
The key findings of fact and conclusions of law of the District Court are described in this paragraph. Plaintiff carpenters were members of Carpenters Union Local 88 which had a working agreement with Bennett, and Hoseltqp signed a compliance agreement with Local 88. Hoselton hired plaintiffs as carpenters. Hoselton posted a payment and performance bond with Bennett as Obligee and Aetna as Surety. Hoselton discharged plaintiffs but their severance checks were not postmarked for seven days after discharge, entitling plaintiffs to eight hours pay for each 24 hours which had expired before payment was made, resulting in the Hoselton obligation to pay plaintiffs a total of $4,176.48. Hoselton walked off the project on February 11, 1979. Aetna did not pay the $4,176.48 under the bond. Written notice of default was sent to Aetna indicating Bennett was exercising his option under the bond to complete the Hoselton framing subcontract in his role as general contractor, and no response was ever received from Aetna. Bennett completed the framing; the balance owing to Bennett for completing the subcontract was $35,534.12, and Aetna declined payment. Aetna’s refusal to make payment was found to show bad faith. Because of the bad faith failure of Aetna to honor its obligation, Bennett had to pay the money necessary to complete the Hoselton subcontract, resulting in a heavy burden on Bennett, which caused him to lose his business and his home for which Aetna should respond in punitive damages. Reasonable attorney’s fees were due to Bennett because of the failure of Aetna to honor its bond. As a result of these findings, the District Court concluded that the reasonable cost of completion of the Hoselton subcontract was $35,534.12 and Aetna was liable to Bennett in that amount together with attorney’s fees and costs; the refusal of Aetna to honor Bennett suffered severe financial losses as a result of the bad faith of Aetna, for which Aetna was liable in punitive *418 damages in the amount of $100,000.00; and Aetna was liable to Bennett for attorney’s fees as they shall become fixed after a hearing. Judgment was entered in accordance with the findings and conclusions.
Following is a calendar of the significant events starting with the entry of judgment.
November 6, 1980. Judgment as previously described entered.
November 17, 1980. Aetna filed motion for new trial, to amend judgment, and for relief from the findings, conclusions and judgment under Rules 52, 59 and 60 of the Montana Rules of Civil Procedure. The Aetna affidavits in support of the motions are extensive. In substance they show that the counsel representing Aetna up to the judgment on November 6,1980, had severe depression and emotion problems which had extended over a period of years and were unknown to his associates and friends. Subsequent to the November 6, 1980, judgment, counsel was admitted to the stress center in the hospital at Butte. The affidavits show that in the present case, counsel was unable to communicate his problems to his associates, and failed to properly communicate with Aetna. The affidavits set forth facts which are claimed to be sufficient to constitute adequate defenses to the claims in issue; and otherwise set forth facts indicating that counsel had failed to properly represent Aetna in a competent manner, resulting in the entry of the judgment against Aetna. To compound the confusion, the successor counsel for Aetna overlooked noticing the consolidated motions as required under Rules 59 and 60.
December 8, 1980. Motion by plaintiffs and Bennett requesting hearing to determine reasonable attorney’s fees provided for in judgment. Notice of hearing set for December 17.
December 12, 1980. Additional Rule 60 motion by Aetna requesting that Aetna be relieved from its omission to notice the consolidated motions filed on November 17, with the motion based on mistake, inadvertence and excusable neglect. Motion noticed for December 17, 1980.
December 17,1980. Hearing on motions noticed for this date.
December 22, 1980. Order awarding plaintiffs’ attorneys $2,055.00 and Bennett’s attorneys $7,500.00 as attorneys’ fees. *419 Order denying post-trial motions, finding that no notice of hearing was filed on the November 17 motions under Rules 59 and 60, and no hearing held within the time limits; failure to comply with Rules 59 and 60 caused the December 17 motions to be “deemed denied” and thereby denied the District Court any jurisdiction to deal with the motions, finding that the December 12 motion pursuant to Rule 60 was a “bootstrap” motion asking the court to allow a hearing on the original motion, and was not appropriate; and with a determination that all of the post-trial motins of Aetna were denied.
December 2k, 1980. Renewal of Rules 59 and 60 motions by Aetna. Motion noticed for hearing on December 31, 1980.
December 26, 1980. Conditional notice of appeal, in which Aetna contended that the judgment of November 6,1980, did not become final until the District Court awarded attorney’s fees, and in which the appeal was conditioned upon the event that the Supreme Court of Montana might determine November 6, 1980, was the date of final judgment.
December 31, 1980. Order of District Court denying all motions, including post-trial motions.
January 9, 1981. Notice of appeal by Aetna appealing from the final judgment and order of court awarding attorney’s fees and from court’s orders denying post-trial motions under Rules 52, 59 and 60 and also from the judgment dated November 6, 1980.
II.
The following issues are determinative:
(1) Was the November 6, 1980, judgment final prior to the December 22, 1980, order determining attorney’s fees?
(2) Should Aetna’s post-judgment motions have been considered on their merits?
(3) Was the Bennett deposition admissible without a showing of unavailability for trial?
(4) Did the Aetna bond encompass the penalties awarded to the plaintiffs?
As stated in the first issue, judgment was entered by the District Court on November 6, but the attorney’s fees portion of the judgment was not completed until the entry of order on *420 December 22. Our decision on this issue controls the further decision on the post-judgment motions. In this case, the claim of attorney’s fees on the part of plaintiffs and Bennett is not based upon a statutory provision awarding attorney’s fees, such as in the mechanics lien provisions of our codes. Here, the Aetna bond in substance provides that Bennett shall not be liable for the payment of any costs or expenses of any suit for work or labor performed. It is under that contract provision that the parties seek a recovery of their reasonable attorney’s fees. Our question then becomes whether a judgment is final involving attorney’s fees based on an agreement which is the subject matter of the action until the actual determination of the attorney’s fees. We find the reasoning persuasive in Aetna Casualty & Surety Company v. Giesow (2d Cir. 1969), 412 F.2d 468, 470, in which the Circuit Court stated:
“Since the plaintiff would not be entitled to counsel fees if there was no breach of the subordination agreement, we believe that the issues of damages and counsel fees are so inexorably interconnected as to make this a single claim (cites omitted). In Rieser v. Baltimore and Ohio Railroad Co., 224 F.2d 198, 199 (2d Cir. 1955), cert. denied, 350 U.S. 1006, 76 S.Ct. 651, 100 L.Ed. 868 (1956), we said that the test of multiple claims was ‘whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced.’ Under this test it seems quite clear that the claim for counsel fees cannot be enforced apart from the claim for breach of the subordination agreement, and to this extent we have only a single claim here. Cf. Schwartz v. Eaton, 264 F.2d 195 (2d Cir. 1959). There is also some question as to whether the judgment here can properly be said to be ‘final’, since reasonable counsel fees are a contractually specified element of damages and plainly the amount of those fees has not yet been determined. See United States v. Burnett, 262 F.2d 55 (9th Cir. 1958). Since we lack jurisdiction, we must dismiss this appeal.” In Union Tank Car Company v. Isbrandtsen (2d Cir. 1969), 416 F.2d 96, the Circuit Court followed the Giesow decision. The court was construing a note which among other provisions provided for the payment of *421 reasonable attorney’s fees, costs and expenses. Again, the trial court had entered judgment and awarded costs and attorney’s fees to be fixed by further order of the court. In holding that the appeal was premature, the court stated:
“Where attorneys’ fees are a mere incident of the litigation itself, particularly when measured in part by the creation of a fund in that litigation, they may often await the outcome of the litigation on trial and appeal. Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1938). Where they are dependent on a contract under construction by the court in the litigation, as here, the contract may more usefully be completely construed' on one trial and appeal, ...” Union Tank Car Company v. Isbrandsen, 416 F.2d at 97.
The need for elimination of separate appeals is stressed by the same court in Cinerama, Inc. v. Sweet Music, S.A. (2d Cir. 1973), 482 F.2d 66, 70, where the court stated:
“The final judgment rule is designed not merely to prevent an appeal on an issue concerning which the trial court has not yet made up its mind beyond possibility of change but also to eliminate the need for separate appellate consideration of different elements of a single claim. The burgeoning loads of the courts of appeals mandate strict adherence to this salutary policy.” (Court’s emphasis.)
While this Court has not yet ruled on the precise issue, it has emphasized that a case should not be appealed until it is totally ready for review, stating in Roy v. Neibauer (1980), Mont., 610 P.2d 1185, 1187, 37 St.Rep. 897, 899:
“If the case is not ready for review, it should not be appealed.. . This Court does not have the time and the resources to be compelled to independently search the record to determine if all essential issues have first been decided at the District Court level.” In a similar manner, this Court has consistently held that where all of the issues and claims have not been finally adjudicated, it will refuse to hear appeals. See Knight & Co. v. Fort Belknap Indian Agency (1980), Mont., 612 P.2d 1290, 37 St.Rep. 1049; Weston v. Kuntz (1980), Mont., 610 P.2d 172, 37 St.Rep. 855.
*422 In the present case, the claims for attorney’s fees on the part of both plaintiffs and Bennett are based on the Aetna bond. In turn, there is a dispute as to whether the Aetna bond requires payment to any or all of the parties under the facts of the case. We conclude that the Aetna bond under its terms does allow the award of attorney’s fees to both the plaintiffs and Bennett. Under that circumstance, we find that the judgment was not final on November 6, and did not become final until the entry of judgment on December 22, determining the amount of fees.
III.
The District Court entered its findings on November 6, 1980. Aetna moved under Rule 52(b) for the amendment of such findings. In considering the Rule 52(b) motion, the District Court pointed out that it was placed in a difficult position because it was not able to consider matters outside of the record made in support of the Rule 59 and Rule 60 motions because a Rule 52 motion has to be based on the record as it existed at the time the findings were made. The District Court concluded that it must deny the Rule 52 motion. We affirm that ruling.
On November 17, Aetna also filed its motion for a new trial under Rule 59. Aetna failed to serve its motion for new trial within the ten day period provided under Rule 59(b) as follows:
“Time for motion. A motion for a new trial shall be served not later than 10 days after service of notice of the entry of the judgment.” Our holding that the judgment did not become final until the entry of judgment on December 22 is not controlling as to this motion. A Rule 59 motion may be made either before or after entry of judgment, subject to the time period of ten days as specified in Rule 59(b). The rule is clearly stated in 6A Moore’s Federal Practice Section 59.09[1], at 59-196 (2d ed. 1979) as follows:
“Under the early English common law ‘the motion for a new trial preceded the entry of judgment, which was not entered upon the verdict as a matter of course, nor at all until after the first four days of the next term after trial.’ Rule 59(b) requires *423 that a motion for new trial be served ‘not later than 10 days after the entry of the judgment’. This wording was designed to be broad enough to permit the motion to be made both before and after the entry of the judgment.” Because the motion for new trial was not served within the ten day period required by Rule 59(b), the motion was therefore deemed denied under the provisions of the last paragraph of Rule 59(d):
“If the motion is not noticed up for hearing and no hearing is held thereon, it shall be deemed denied as of the expiration of the period of time within which hearing is required to be held under this Rule 59.” The District Court properly concluded that the motion for new trial was deemed denied and that the court could not consider the matter further. This follows the holdings of this Court to the effect that the time and procedural limitations for motions under Rule 59, M.R.Civ.P. are mandatory. See Armstrong v. High Crest Oil, Inc. (1974), 164 Mont. 187, 520 P.2d 1081, and cases therein cited. We therefore affirm the holding of the District Court in its denial of the Rule 59 motion for new trial.
Aetna also moved under Rule 60(b) for relief from the final judgment entered against Aetna. The pertinent parts of Rule 60(b) are:
“On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;... or (6) any other reason justifying relief from the operation of the judgment.” Rule 60(c) provides that a motion under Rule 60(b) shall be heard and determined within the times provided by Rule 59 in the case of motions for new trial. The District Court concluded that the failure to notice up the Rule 60 motion caused that motion to be deemed denied in the same manner as the failure to notice up the Rule 59 motion. The District Court therefore concluded that it no longer had any jurisdiction to deal with the motion. That decision was based upon the District Court’s conclusion that its November 6 judgment was final. Because of our holding that the judgment of the District *424 Court did not become final until the determination of the attorney’s fees on December 22,1980, that conclusion no longer is valid.
Because the November 17 motion under Rule 60 was made before the judgment became final, the motion was premature and may be disregarded. As pointed out by Professor Moore, Rule 60(b) allows relief under circumstances where Rule 59 relief is not allowed because it is not timely. 7 Moore’s Federal Practice Section 60.18(8), at 216.1 (2d ed. 1979), states:
“When operating within the intendment of the amended Rule, which carefully balances the competing principles of finality and relief from unjust judgments, the courts should and do give a liberal construction to 60(b). Nomenclature is unimportant... a motion that is made under Rule 59, which is not timely and hence may not properly be considered under that Rule, may, nevertheless, be considered as a motion under Rule 60 when it states grounds for relief under this latter rule.” On December 24, Aetna by its renewal motion again moved under the provisions of Rule 60 for relief from the court’s findings of fact, conclusions of law and judgment. Believing it no longer had jurisdiction, the District Court denied the motion on December 31. We have concluded that the order denying such Rule 60 motion should be set aside in order that the District Court may determine the validity of the motion under Rule 60 after an appropriate hearing.
With regard to Rule 60(b) motions, Professor Moore has emphasized the liberal construction of the courts. 7 Moore’s Federal Practice Section 60.22[2], at 247 (2d ed. 1979), states:
“By now, however, there is a considerable body of federal decisions dealing with ‘mistake, inadvertence, surprise, or excusable neglect’; and, speaking generally, these decisions have been in marked harmony with the proposition that 60(b) is a remedial rule to be liberally construed.
“On timely application, a party has been relieved from: an order taken against him as the result of an unauthorized stipulation by his attorney; a judgment of dismissal where the failure to file a bill of particulars was due to the oversight or *425 inadvertence of the clerk of plaintiff’s attorney; financial difficulty in procurement of counsel; and from a judgment of dismissal for want of prosecution occasioned by the inadvertence of plaintiff or his counsel.” We recognize that the District Court may have some difficulty concluding that the facts in this case warrant relief under clause (1) of Rule 60(b) with regard to mistake, inadvertence, surprise, or excusable neglect. It appears that cases can qualify under clause (1) or under clause (6) which is broader because it allows relief for “any other reason justifying relief from the operation of the judgment”. It is under clause (6) that Professor Moore discusses instances in which the courts have allowed relief from a judgment because of actions by attorney comparable to those set forth in the present case. 7 Moore’s Federal Practice Section 60.27[2], at 357 (2d ed. 1979), states:
“Similarly, in cases in which a plenary trial was held, but through extraordinary circumstances the movant’s claim or defense was not presented, or was presented in such a manner that the judgment entered against him was akin to a default judgment, relief has been granted on motion under Rule 60(bX6). In re Estate of Cremidas, for example, the movant, a minor, was represented at the trial (a proceeding to determine heirship) by an attorney who was so inebriated that in effect movant’s claim was not presented. The cause had been tried in a remote judicial division in Alaska and movant indicated that no other lawyer was available in the division and she was financially unable to obtain legal assistance from a lawyer in one of the other divisions.” (The court granted relief from judgment on the motion made some three years after its entry.) Following the above quotation, at page 367, Professor Moore refers to the question of failure to counsel to properly handle a case and states:
“In L. P. Steuart, Inc. v. Matthews (329 F2d 234), plaintiffs case was dismissed for failure to prosecute due to the neglect of counsel. Two years later, through different counsel, plaintiff filed a motion to vacate the judgment. In support of the motion were an affidavit from former counsel to the effect that he had been beset with personal problems, related to the il *426 lness of his wife and the death of his parents, and an affidavit of plaintiff to the effect that he had made ‘numerous inquiries’ of former counsel, but that he had ‘refused to answer such inquiries’, and from time to time assured plaintiff that the ‘case was proceeding and that settlement of it would be made “soon”’. The district court denied the motion. The court of appeals reversed, holding that under the circumstances the district court had abused its discretion in denying relief under Rule 60(bX6). Judge Edgerton observed:
“‘Clause (1) of Rule 60(b) is not and clause (6) is broad enough to permit relief when as in this case personal problems of counsel cause him grossly to neglect a diligent client’s case and mislead the client.’”
United States v. Cirami (1977), 563 F.2d 26 (2d Cir.) quoted from L. P. Steuart, Inc. and Professor Moore in reaching the conclusion that the attorney’s mental disorder which induced him both to neglect his duties and to assure his client that he was attending to them, was a sufficient basis for granting relief under clause (6) as “other reason justifying relief’. This conclusion is consistent with Klapportt v. United States (1949), 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, in which the Supreme Court determined that the absence or unavailability of counsel which is unavoidable should support relief from a judgment. In addition, this Court has pointed out that the degree of prejudice resulting to other parties is a factor to be considered. Ming v. District Court (1970), 155 Mont. 84, 466 P.2d 907.
Here, the facts set forth in the Aetna affidavits indicate a situation where counsel for Aetna, because of emotional problems, was unable to adequately defend the rights of his clients before and during trial. The affidavits indicate a failure to introduce factual evidence, to prepare and submit findings and conclusions, and to keep the client apprised of the status of the case. All of these may also have contributed to the facts upon which the District Court concluded that punitive damages were appropriate because of the action and lack of action on the part of Aetna. Under these circumstances, equity does require that the District Court hold a hearing and determine if under all the facts, it is proper to vacate the judg *427 ment and have a trial on the merits in order to allow Aetna to have its day in court. Rule 60 relief is appropriate only where the party can demonstrate that it has a meritorious defense. Marshall v. Monroe & Sons, Inc. (6th Cir. 1980), 615 F.2d 1156. Aetna’s motions and affidavit set out a number of defenses which are claimed to be available and also facts sufficient to support such defenses.
As trial counsel will recognize, in the interest of clarity, we have not referred to all of the motions and rulings, and have limited our reference to the essential elements. The procedure was further confused by the conditional notice of appeal filed by Aetna on December 24. This, of course, raised the question of the jurisdiction of the District Court to make any further orders. By such conditional notices of appeal, Aetna attempted to take an appeal from the November 6 judgment should it be determined to be final, and in part stated:
“. . . files this conditional notice of appeal in the event the Supreme Court of Montana determines that November 6, 1980, was indeed the date of final judgment entered by the above-entitled court in this action.” Because the notices of appeal were conditioned upon an action to be taken by this Court at some undetermined time in the future, the notices were ineffective. We hold that the stated conditional notices of appeal were totally ineffective and may be disregarded. As a result, the notice of appeal upon which the present appeal by Aetna is based is the January 9,1981, notice of appeal which did cover the final judgment, order awarding attorney’s fees, and order denying post-trial motions as well as the judgment of November 6, 1980.
IV.
Aetna contends that the Bennett deposition was not admissible under Rule 32(aX3), M.R.Civ.P., in the absence of a showing that Bennett was not available. Aetna argues that because the deposition was wrongly admitted, there was no competent evidence to support a case in favor of Bennett against Aetna and requests that the Bennett complaint be dismissed. Bennett argues that Rule 32(a)(3XD) provides that a trial judge may admit a deposition if exceptional circum *428 sanees exist which make it desirable in the interests of justice to allow the deposition. We do not find it necessary to consider the numerous cases cited in support of both views. In this instance, the District Court concluded that because of the many hearings prior to trial and the many presentations made to the court that the case would be submitted on deposition and agreed statements of facts, the objection to the introduction of the deposition was overruled. No facts are set forth which suggest that the District Court was in error in reaching this decision. We affirm the court’s decision to admit the Bennett deposition in evidence in its entirety.
V.
Did the Aetna bond encompass the penalties in the amount of $4,176.48 for which plaintiff carpenters sought recovery? Aetna contends that its bond did not specifically provide for penalties and therefore that Aetna can be required to pay only wages as distinguished from penalties for late payment of wages. In substance the bond provides that if Hoselton shall promptly make payments to all claimants for all labor and material used then the obligation is to be void. Otherwise, as in this case, Aetna agrees with Bennett that every claimant “who has not been paid in full” before the expiration of 90 days after the date on which the labor was performed, may sue on this bond “for such sum or sums as may be justly due claimant.” The District Court determined that the penalties were justly due to plaintiff carpenters under their written agreements. Such obligations come under the express provisions of the bond. There is no restriction in the bond which limits Aetna’s liability in the manner suggested. We approve the holding of the District Court.
VI.
We affirm the judgment of the District Court as contained in its judgment of November 6, 1980, and its order determining fees of December 22, 1980, subject to the following:
The order of the District Court dated December 31, 1980, denying the Rule 60 motion of Aetna is vacated and the District Court is instructed to hold such hearings and take such other steps as it finds to be appropriate in order to con *429 sider Aetna’s Rule 60 motion on its merits.
MR. CHIEF JUSTICE HASWELL and JUSTICES HARRISON and SHEA concur.