No. 81-323

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

IN RE THE MARRIAGE OF
TERESA ANN BAER,

      Petitioner and Respondent,

   -vs-

CHARLES EGAN BAER,

      Respondent and Appellant.

---

Appeal from:  District Court of the First Judicial District,
In and for the County of Lewis & Clark, The Honor-
able Gordon R. Bennett, Judge presiding.

Counsel of Record:

    For Appellant:

        Robert J. Sewell, Helena, Montana

    For Respondent:

        Joan Uda, Helena, Montana

---

Submitted on Briefs:  March 5, 1982

Decided:  July 6, 1982

Filed: **JUL 6 - 1982**

<u>Thomas J. Kearney</u>
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Charles Egan Baer appeals from two orders of the District Court, First Judicial District, Lewis and Clark County. The first order required him to pay $125 in overdue child support, increased the future child support payments, ordered him to pay one-half of the necessary expenses of orthodontia for the parties' child, and found Teresa Baer entitled to her attorney's fees. The second order required Charles to pay Teresa's costs and attorney's fees in the amount of $2,200.64.

The parties were married on May 9, 1968, and were divorced on August 6, 1976. They had one child, Dustin Michael Baer, who was born on March 26, 1970. At the time of the modification hearing, he was ten years of age.

The decree of dissolution and property settlement agreement awarded custody of the child to Teresa, required Charles to pay $125 per month in child support, and provided for Charles' reasonable visitation with the child, including, but not limited to, every summer for a period commencing two weeks after school and terminating two weeks prior to the beginning of school and "during the Christmas holiday season." Child support was not to be paid during summer visitations.

On May 1, 1980, Teresa filed a petition for modification of the divorce decree in which she sought $473.64 in allegedly overdue child support payments. The alleged arrearages consisted of three child support payments totaling $375 and a claimed entitlement to a daily proration of child support payments for days in June and August of past years when the child resided with Teresa prior to and after the time he spent summer visitation with Charles. She also sought: an increase in child support from $125 per month to $225 per

-2-

month with an automatic seven percent cost of living increase each year; an assignment of Charle's wages; an order requiring Charles to pay one-half of the cost of orthodontic work for the child; an order expanding Charles' visitation rights to include every other weekend and requiring him to exercise his visitation rights in a regular and responsible manner; and, an order requiring Charles' to pay Teresa's reasonable attorney's fees and costs.

The parties subsequently stipulated that visitation should be expanded to include every other weekend.

A hearing was held on January 19, 1981. On May 19, 1981, the District Court ordered Charles to pay $125 in back child support, increased the monthly child support payments to $175 with a five percent annual increase thereafter, ordered Charles to pay one-half of the expenses of the child's orthodontia necessary for health, rather than cosmetic reasons, and stated that if Charles is late with any future child support payment his wages will be assigned. The Court also awarded Teresa her attorney's fees "in a reasonable amount to be determined upon proof thereof."

In a separate order, filed February 2, 1981, the District Court dismissed with prejudice Teresa's claim for a prorated or daily amount of child support for those portions of June and August immediately preceeding and following Charles' summer visitations with the child. The order also dismissed Charles' counterclaim for a prorated reduction in support payments for the days when the child was with him and support payments were being paid to Teresa.

A hearing was held on July 22, 1981, to determine the costs and attorney's fees to which Teresa was entitled. The District Court concluded that her necessary and reasonable

-3-

attorney's fees and costs amounted to $2,200.64. Charles was ordered to pay her that amount.

Mr. Baer presents three issues for review:

(1)  Whether the evidence was sufficient to support the District Court's order finding Charles responsible for delinquent child support, requiring him to pay increased child support with automatic costs of living adjustments, and requiring him to pay for orthodontic work for the child.

(2)  Whether Teresa is entitled to attorney's fees and, if so, in what amount.

(3)  Whether the District Court committed reversible error by adopting in toto Teresa's proposed findings of fact, conclusions of law, and order.

We affirm the District Court on all issues except that of delinquent child support.

The facts argued in the parties' briefs with regard to the issue of delinquent child support are irreconcilable. Furthermore, Charles' inconsistent method of paying his monthly support obligations makes clarity difficult. The most straightforward account of his past payments appears in the transcript of the hearing where, after an explanation by Charles' attorney, the following exchange occurred:

> "THE COURT:  I would conclude from that that
> wherever the burden was in the first place,
> they've made a prima facie case of paying.
> Have you got anything to rebut it?
>
> "[TERESA'S ATTORNEY]:  Other than the fact
> that we don't have the check, no.
>
> "THE COURT:  Okay.  Very well.  Then it is
> settled as a matter of fact that the respondent
> [Charles] here is current?
>
> "[CHARLES' ATTORNEY]:  I believe it is, your
> Honor.
>
> "[TERESA'S ATTORNEY]:  (Nodded head.)"

-4-

Teresa contends that there was confusion at the hearing in regard to Charles' payment, or nonpayment, of his obligation for September 1978, and September 1979. The District Court apparently agreed with her because after the hearing it ruled that Charles owed back child support for the month of September 1978. The District Court does not explain its change of opinion on the issue of back child support, and Teresa's brief to this Court does not sufficiently explain the new finding. Therefore, on the basis of the record as it has come to us we must reject as clearly erroneous the District Court's finding that Charles owes back child support for the month of September 1978. Rule 52(a), M.R.Civ.P.

The second element of issue number one is the increase in monthly child support payments from $125 per month to $175 with an automatic five percent annual increase. Charles contends that the findings of the District Court are not sufficient to justify the increase in support, and are not supported by substantial credible evidence.

Section 40-4-208(2)(b), MCA, provides:

"Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification . . . may only be made: (i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable; . . ."

The fact that the exact words of the statute do not appear in the District Court's findings and conclusions is of no consequence. We must determine: (1) in light of the evidence in the record, are the findings of the District Court clearly erroneous, Rule 52(a), M.R.Civ.P. and, (2) in light of the evidence and the findings based thereon did the District Court adhere to the standards outlined in section 40-4-208(2)(b), MCA, in making its judgment?

We hold that there is sufficient evidence in the record to sustain the findings of the District Court--that is, they

are not clearly erroneous. Furthermore, we agree with the District Court's application of section 40-4-208(2)(b), MCA.

Charles argues that certain specific findings are not supported by the record. The first of these is the District Court's finding that, due to the increased age of the child and the increased cost of living, the costs of supporting the child have increased by approximately 50 percent since the divorce in 1976. This finding is supported by Teresa's testimony. For example, she testified that shortly after the divorce her monthly food budget was approximately $60, for mother and son. Today, her monthly food budget is $190. She also testified that clothes for her son, who is now 11 years old, have increased in both size and price since the divorce. Finally, there is testimony concerning the other increasing costs of raising a child, including health care, hobbies, and the costs associated with providing a home for the child. This evidence provides sufficient support for the District Court's finding.

Charles also disputes the District Court's finding that the costs of supporting the child now amount to a minimum of $350 per month, of which Teresa is paying almost two-thirds. Charles claims that according to his calculations, which are based upon an expense statement submitted by Teresa, the monthly cost of supporting the child is $187.15. This figure, however, does not include certain expenses which are incurred jointly by mother and son. There is no specific item of evidence which, considered in isolation, proves that the cost of supporting the child is exactly $350 a month or that Teresa is currently paying two-thirds of that amount. There is, however, sufficient evidence in the record to

sustain the finding of the District Court. Therefore, we cannot say that this particular finding is clearly erroneous. Rule 52(a), M.R.Civ.P.

Charles contests the court's finding that he possesses capabilities to increase his income which are not available to Teresa. This finding, he argues, is not supported by the evidence and amounts to speculation. We do not agree. The record contains evidence that Charles has in the past received rental income from friends with whom he shared his home. There is also evidence that he operates a small construction business during the summers. Thus, the record supports the finding. We do not intend to say that Charles is obligated to take in tenants or hold a second job. The record indicates, however, that he has done so in the past and we therefore cannot say that the court's finding is clearly erroneous.

Finally, Charles contends that there is no evidence to support the District Court's finding that he had withdrawn his counterclaim for a prorated reduction in support payments. We find support for the findings in the transcript of the hearing held January 19, 1981. At the hearing, Charles' attorney was informed by the District Court that a detailed accounting would be required for either party to prevail on its prorated support claim. Charles' attorney responded, understandably, that he had no desire to undertake such an accounting. In response to a motion filed by Teresa, her claim and Charles' counterclaim were dismissed with prejudice on February 2, 1981. Charles raised no objection to this order.

The District Court concluded that Charles must pay one-half of the child's anticipated orthodontic work necessary for health rather than cosmetic reasons. This is merely

-7-

a reiteration of his obligation under the original decree. Charles provided no support whatsoever for his allegation that he is not bound to fulfill this responsibility.

The next issue is whether Charles is obligated to pay Teresa's attorney's fees, and if so, in what amount.

The District Court's order of May 19, 1981, provided attorney's fees to Teresa "in a reasonable amount to be determined upon proof thereof." On June 26, 1981, a hearing to determine attorney's fees was scheduled for July 22, 1981. On July 16, 1981, Charles filed his notice of appeal from the order of May 19, 1981. The hearing on attorney's fees was held, as scheduled, on July 22, 1981. On October 6, 1981, the District Court filed findings, conclusions, and an order requiring Charles to pay attorney's fees in the amount of $2,200.64. On October 8, 1981, Charles filed his notice of appeal from the order of October 6, 1981.

Charles contends, first, that the award of attorney's fees in the order of May 19 was improper because at that time the District Court had not yet made findings regarding the relative abilities of each party to pay attorney's fees and regarding Teresa's necessity for reimbursement of her attorney's fees. The findings filed on October 6, do not remedy the absence of the required findings, Charles argues, because the order of May 19 (ordering the payment of attorney's fees in an amount to be determined upon proof thereof), had already been appealed to this Court.

The first notice of appeal filed by Charles from the May 19, 1981 order was premature. In the order, the court indicated it would award attorney's fees to be determined upon proof. The May 19, 1981 order was obviously not final,

and appeal lies only from a final judgment or order, or an order otherwise provided for in Rule 1, M.R.App.Civ.P. The findings which determined the amount of attorney's fees were the District Court's findings of October 6, 1981, from which Charles properly appealed. Section 40-4-110, MCA, provides that a District Court may, from time to time, "after considering the financial resources of both parties," order the payment of reasonable attorney's fees. The District Court followed the statutory procedure in this case, because it did not set the dollar amount of such fees until it had considered the applicable factors, including the financial resources of the parties. The order of October 6, 1981, based upon the District Court's findings, was a final judgment or order from which Charles could appeal. Thus, on this facet of the appeal, it is appropriate for us to consider the findings of October 6, 1981 in determining whether the award of $2,200.64 in attorney's fees is proper in the case.

Charles next argues that if we conclude, as we have, that Teresa is entitled to attorney's fees, then the amount awarded in this case is unreasonable. He submits that the amount of money involved in the underlying dispute and the result eventually achieved do not justify attorney's fees in excess of $2,000. In support of this position he cites Crncevich v. Georgetown Recreation Corporation (1975), 168 Mont. 113, 541 P.2d 56, where we stated:

> "'The authorities are unanimous in holding that the plaintiffs are entitled to recover a reasonable attorney fee, and for the purpose of determining the amount of such fee the following rule has been laid down: "The circumstances to be considered in determining the compensation to be recovered are the amount and character of the services rendered, the labor, time, and trouble involved, the character and importance of the litigation in which the services were rendered, the amount of money or the value of property to be affected, the professional skill and experience called for, the character and standing in the profession

of the attorneys . . . The result secured by
the services of the attorney may be considered
as an important element in determining their
value [citing Forrester & MacGinniss v. B. &
M. Co. (1914), 29 Mont. 397, 409, 74 P. 1088,
1093]"'" 168 Mont. at 119-120, 541 P.2d at 59.

Section 40-4-110, MCA, provides statutory authority for

the award of attorney fees in the present case:

"Costs-attorney's fees.  The court from time
to time, after considering the financial
resources of both parties, may order a party
to pay a reasonable amount for the cost to the
other party of maintaining or defending any
proceeding under chapters 1 and 4 of this title
and for attorney's fees, including sums for
legal services rendered and costs incurred
prior to the commencement of the proceeding or
after entry of judgment . . ."

The standards for determining the reasonableness of

attorney's fees are set forth in Crncevich, supra, and a

multitude of marriage cases, representative lists of which

can be found in In Re Marriage of Grace (1982), __ Mont. ___,

643 P.2d 1188, 1190, 39 St.Rep. 791, 793, and Duffey v.

Duffey (1981), ___ Mont. __, 631 P.2d 697, 699, 38 St.Rep. 1105,

1107.

Duffey, supra, states that written findings are required

to establish the financial needs of the parties and the

reasonableness of the award of attorney's fees.  631 P.2d at

699, 38 St.Rep. at 1107.  In the present case the District

Court made written findings regarding need and reasonableness.

These findings are supported by the evidence from the two

hearings.  The relative financial positions of the two

parties was thoroughly presented in the first hearing.

With specific regard to the reasonableness of the fee, the

evidence indicates that the circumstances outlined in Crncevich,

supra, were considered by the District Court. Furthermore,

it is clear from the record that the District Court was

apprised of the financial resources of both parties and that

-10-

these resources were considered in reaching the judgment as required by section 40-4-110, MCA.

Charles contends that the attorney's fees should be pro-rated on the basis of Teresa's rate of success on the various claims she raised against him. The discretion of the District Court to award attorney's fees in marital cases is to be based upon the District Court's discernment of the case as a whole. In determining fees, the District Court is not required to dissect the anatomy of the lawsuit to find a bone here, some fat there and solid meat elsewhere. Unless there is an abuse of discretion we will not disturb the court's award of attorney's fees. We find no abuse in this case.

The third issue addresses the District Court's verbatim adoption of Teresa's proposed findings of fact and conclusions of law.

We have discussed this issue many times. See, City of Billings v. Public Service Com'n. (1981), ___ Mont. ___, 631 P.2d 1295, 38 St.Rep. 1162; In Re Marriage of Jensen (1981), ___ Mont. ___, 631 P.2d 700, 38 St.Rep. 1109; In Re Marriage of Beck (1981), ___ Mont. ___, 631 P.2d 282; 38 St.Rep. 1054; Tomaskie v. Tomaskie (1981), ___ Mont. ___, 625 P.2d 536, 38 St.Rep. 416. We have stated repeatedly that we disapprove of the wholesale adoption of proposed findings and conclusions. We have also stated, however, that in reviewing a District Court's findings, regardless of their source, we are governed by Rule 52(a), M.R.Civ.P.; Jensen, 631 P.2d at 703-704, 38 St.Rep. at 1113. The findings of the District Court in the present case are not clearly erroneous. Furthermore, the District Court's conclusionsof law properly reflect the laws of Montana.

The judgment of the District Court is affirmed in all respects except the award of delinquent support payments.

_____
                    Justice

We Concur:

_____

_____

_____

_____
              Justices

-12-