No. 84-111

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

LEONARD AND BONNIE BOLES,

        Plaintiffs and Appellants,

   -vs-

VERA LER,

        Defendant and Respondent.

APPEAL FROM:  District Court of the Seventh Judicial District,
             In and for the County of Richland,
             The Honorable R. C. McDonough, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Lloyd E. Hartford, Billings, Montana

    For Respondent:

        Koch & Carter, Sidney, Montana

                Submitted on Briefs:  July 19, 1984

                           Decided:  November 14, 1984

Filed:   NOV 14 1984

*Ethel M. Harrison*

_____
                    Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiffs Leonard and Bonnie Boles, as the contract purchasers of land, appeal an order of the Richland County District Court granting summary judgment to the contract seller of the land, Vera Ler. The plaintiffs claim issues of fact remain on the question of whether the seller properly invoked the forfeiture provisions of the contract. The plaintiffs also claim the court erred in awarding attorney fees to the seller based on the seller's counterclaim relying on a separate security agreement signed by the purchasers. Because the appeal is not properly before us at this time, we must remand for further proceedings. This Court does not have before us an appealable order. It is a non-certified partial summary judgment.

On October 19, 1983, the trial court entered judgment against the purchasers on the summary judgment question, and further ordered the seller was entitled to attorney fees. The court ordered another hearing on October 28 to determine the amount of the attorney fees. Before that date, however, the purchasers moved to amend the findings and for the court to find each party must bear its own costs and attorney fees. In a later order on November 21, the trial court amended its judgment and provided further it would not rule on the attorney fees question until there were additional pleadings and motions regarding the basis for the claimed fee. The same day, November 21, 1983, the purchasers filed their notice of appeal.

While the appeal was before this Court, the parties signed and filed a stipulation in District Court that claimed

to withdraw the appeal and attempted to give the District Court jurisdiction to decide the attorney fees issue. A motion to dismiss the appeal was not filed before this Court and this Court did not enter an order dismissing the appeal. Therefore, this Court has always had jurisdiction. The District Court did not have jurisdiction to rule further on the substantive issues.

Nonetheless, the District Court, on the basis of the parties' stipulation withdrawing the appeal and request that the District Court decide the attorney fees question, entered an order on February 22, 1984, deciding the attorney fees question in favor of the seller. The purchasers then filed a second notice of appeal, this time apparently attempting to get both issues before this Court. Strangely enough, the purchasers now contend as one of their issues that the trial court had no jurisdiction to hear the attorney fees question because too much time had elapsed after the original judgment entered on October 19, 1983.

We hold the November 19, 1983 judgment was not final because the attorney fees question still remained and because the purchasers, if they desired to appeal before a final judgment on all issues, were required to get the issue properly certified based on Rule 54, M.R.Civ.P., and the rules we set forth in Roy v. Neibauer (Mont. 1980), 610 P.2d 1187. This was not done. We further hold that the trial court, once the appeal from the November 19, 1983 judgment was filed in this Court, had no jurisdiction to proceed on any remaining substantive issues unless and until there was an order from this Court dismissing the appeal. This Court never did dismiss the appeal and was never requested to dismiss the appeal. The parties could not, by their own

action, agree that the appeal be dismissed and that the District Court again have jurisdiction. Jurisdiction of the District Court required an order from this Court again investing jurisdiction in the District Court. This was never done.

Unfortunately, much time, effort and expense could have been avoided if the parties heeded the rules of civil procedure governing appellate jurisdiction. The only appeal before us is the November 19, 1983 judgment, a non-certified partial judgment. We therefore remand to the District Court for further proceedings consistent with this opinion. The appeal is dismissed without prejudice.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 4 -