CLIFFORD CHRISTENOT,
DOUGLAS A. CRUMB,
FRANK R. C. BRISENDINE, MARK
RITTENHOUSE,
KEN MACPHERSON,
RONALD L. OLSON, DAVID
L. COMER, J. ROBERT CARNAHAN, R.
BRENT KANDARIAN, JOHN V. MATESKON,
CHUCK CONLAN, SAM MATOUSEK, JR.,
SUSAN WATTS, TOM BASTAS, GAYLA
BASTAS, JAMES PRIDEMORE,
THADUS ZUPANIK, ELSIE LEE, LESLIE
YAEGER, ROMAN HANASZ, HELEN HANASZ,
RAYMOND KRAMER,
JAMES G. JACKSON,
TAMMIE LARAE BONNER,
Plaintiffs, Respondents and
Cross-Appellants,
v.
STATE OF MONTANA,
DEPARTMENT OF COMMERCE,
BOARD OF DENTISTRY,
Defendants, Appellants and
Cross-Respondents.

No. 94-539.
Submitted on Briefs May 25, 1995.
Decided August 4, 1995.
52 St.Rep. 749.
272 Mont. 396.
901 P.2d 545.

For Appellant: **Robert P. Verdon**, Special Assistant Attorney General, Helena.

For Respondents: **James C. Bartlett**, Hash, O'Brien & Bartlett, Kalispell.

CHIEF JUSTICE TURNAGE delivered the Opinion of Court.

The State of Montana, Department of Commerce, Board of Dentistry (Board), appeals an injunctive order issued by the District Court for the Nineteenth Judicial District, Lincoln County. That court declared invalid three administrative rules adopted by the Board, as improper interpretations of §§ 37-29-402(2) and -403, MCA. The court denied, without prejudice, the plaintiffs' request for costs and attorney fees. The Board appeals the declaration of invalidity as to Rule 8.17.808, ARM. The plaintiffs cross-appeal. We reverse the District Court's ruling that Rule 8.17.808, ARM, is invalid.

We do not address all of the issues raised, because of our resolution of the following issues:

1. Is the court's August 30, 1994 order an appealable order?

2. Did the District Court err in declaring invalid Rule 8.17.808, ARM, and in issuing an injunction barring enforcement of that rule?

In 1984, Montana voters passed Initiative No. 97, the Freedom of Choice in Denture Services Act of 1984 (codified at §§ 37-29-101 through -412, MCA). The Act established a statutory framework allowing the practice of denturitry in Montana. As amended by Montana's 1987 legislature, it provides that the Board of Dentistry shall adopt rules necessary for the implementation, continuation, and enforcement of the Act. Section 37-29-201, MCA.

The plaintiffs in this action are denturists and denture users. They filed this action in 1993, asking the District Court for a declaratory judgment invalidating certain rules adopted by the Board concerning the practice of denturitry. Plaintiffs claimed that the Board has

improperly interpreted the statutes and that the challenged rules are unconstitutional under the Montana Constitution's right to privacy provision and the federal constitution.

Following a hearing, the District Court issued an order granting the injunction requested by the plaintiffs. It determined that enforcement of the three challenged rules "operates to the prejudice of the public in that they do not have the choice to choose a denturist over a dentist, as provided under the Freedom of Denture Services Act."

The Board appeals as to only one of the three rules declared invalid by the District Court, Rule 8.17.808, ARM. It does not appeal the court's declaration of invalidity as to Rules 8.17.809 and .810, ARM.

The statute at issue on appeal is § 37-29-403, MCA:

(1) Prior to making and fitting a partial denture, a denturist shall:

(a) formulate a study model of the intended denture;

(b) refer the patient to a dentist, together with the model for tooth cleaning, mouth preparation, and x-rays, as needed; and

(c) make the partial denture and fit it to the existing teeth after the dentist has completed the procedures listed in subsection (1)(b) and in accordance with the dentist's recommendations.

(2) A denturist may not cut, surgically remove, or surgically reduce any tissue or teeth in the process of fitting a partial denture.

(3) A denturist who makes or fits a partial denture in a manner not consistent with this section is subject to the sanctions provided in 37-29-311.

Rule 8.17.808, ARM, provides:

(1) The board of dentistry interprets 37-29-403(1)(b), MCA, to mean that all partial denture patients shall be referred to a dentist to determine what is needed prior to the denturist starting his services.

As to this rule, the District Court wrote:

[T]he only rational interpretation of § 37-29-403, MCA, is to make referrals to dentists permissive. From the testimony at the trial held on June 21, 1994, and the testimony from the administrative hearings on the creation of the administrative regulations (Defendant's Exhibits A, B, and C), it appears that denturists will make the right choice and refer patients to dentists when needed. There does not appear to be a reasonable explanation for making dentist referrals mandatory except to make the denturist business obsolete.

The Board appeals the court's ruling as to Rule 8.17.808, ARM.

## ISSUE 1

Is the court's August 30, 1994 order an appealable order?

The plaintiffs argue that no final appealable order has yet been entered because the District Court has not yet made a final ruling upon their motion for attorney fees. They cite cases in which this Court has rejected appeals as premature because the issue of attorney fees was yet to be resolved. *See Tigart v. Thompson* (1989), 237 Mont. 468, 774 P.2d 401; *Boles v. Ler* (1984), 213 Mont. 266, 692 P.2d 1; *Baer v. Baer* (1982), 199 Mont. 21, 647 P.2d 835; *Ring v. Hoselton* (1982), 197 Mont. 414, 643 P.2d 1165. The plaintiffs urge that this appeal likewise be dismissed as premature.

■ Rule 1(b), M.R.App.P., allows a party in a civil case to appeal to this Court from

a judgment or order, except when expressly made final by law, in the following cases:

(1) From a final judgment entered in an action or special proceeding commenced in a district court, or brought into a district court from another court or administrative body.

(2) From an order ... granting or dissolving an injunction[.]

As this Court has stated, appeal lies "from a final judgment or order, *or an order otherwise provided for*" in the various subsections of Rule 1, M.R.App.P. *Baer*, 647 P.2d at 839-40. All four cases cited by plaintiffs were appeals under Rule 1(b)(1), M.R.App.P. In contrast, the District Court's August 30, 1994 order is appealable under Rule 1(b)(2), M.R.App.P., as an order granting an injunction. A final order is not necessary for an appeal under that subsection of the rule. The cases cited by the plaintiffs therefore do not control as to this appeal.

We hold that the District Court's August 30, 1994 order is an appealable order granting an injunction, pursuant to Rule 1(b)(2), M.R.App.P.

## ISSUE 2

Did the District Court err in declaring invalid Rule 8.17.808, ARM, and in issuing an injunction barring enforcement of that rule?

■ An administrative regulation may be overruled as "out of harmony" with the applicable legislative guidelines only upon a clear showing that the regulation adds requirements which are contrary to the statutory language or that it engrafts additional provisions not envisioned by the legislature. *Board of Barbers, Etc. v. Big Sky College, Etc.* (1981), 192 Mont. 159, 161, 626 P.2d 1269, 1270-71; *see*

*also* § 2-4-305(5) and (6), MCA. The plaintiffs herein argue, and the District Court ruled, that Rule 8.17.808, ARM, imposes an additional requirement upon denturists in that it makes dentist referrals mandatory.

The question before us is the proper interpretation of § 37-29-403(1)(b), MCA. Plaintiffs argue, and the District Court ruled, that the words "as needed" in that statute allow the denturist to decide whether referral to a dentist is needed for tooth cleaning, mouth preparation, and x-rays.

■ The plaintiffs point out that the Board's attorney has admitted that § 37-29-403(1)(b), MCA, is ambiguous. When legislative intent cannot be determined from the plain words of a statute, then the court must examine the legislative history of the statute. *Lewis & Clark v. State, Dept. of Commerce* (1986), 224 Mont. 223, 226, 728 P.2d 1348, 1350. The plaintiffs contend that this leads us back to an examination of the intent of the Freedom of Choice in Denture Services Act of 1984.

However, § 37-29-403, MCA, was not a part of the Freedom of Choice in Denture Services Act of 1984. It was proposed to the 1985 Montana legislature by the Department of Commerce, as part of H.B. 649. The bill, which was adopted by the legislature as Ch. 548, L. 1985, was described by its sponsors as a "compromise bill between the dentists and denturists of Montana" "to clear up some of the problem areas" of the Freedom of Choice in Denture Services Act of 1984. *See* Minutes of Senate Public Health Committee Hearing on H.B. 649, March 11, 1985. That, therefore, is the purpose for which the statute was enacted.

■ An administrative agency's interpretation of a statute under its domain is presumed to be controlling. *Norfolk Holdings v. Dept. of Revenue* (1991), 249 Mont. 40-44, 813 P.2d 460, 462. In fact, the construction of a statute by the agency responsible for its execution should be followed unless there are compelling indications that the construction is wrong. *Red Lion Broadcasting Co. v. FCC* (1969), 395 U.S. 367, 381, 89 S.Ct. 1794, 1802, 23 L.Ed.2d 371, 384.

■ The Board points out, too, that a statute should be read and construed as a whole so as to avoid absurd results and to give effect to the purpose of the statute. *Dover Ranch v. County of Yellowstone* (1980), 187 Mont. 276, 283-84, 609 P.2d 711, 715. The Board's position is that the meaning of § 37-29-403(1)(b), MCA, is resolved by reference to the next subsection of the statute, § 37-29-403(1)(c), MCA. Subsection (1)(c) comes into effect "after the dentist has completed the procedures listed in subsection (1)(b) and in accordance with the

dentist's recommendations." The Board argues that the plaintiffs' interpretation of subsection (1)(b) would render subsection (1)(c) superfluous and meaningless. The Board therefore maintains that the proper mode of treatment under the statute is that a denturist's patient must be seen by a dentist before the denturist constructs and fits partial dentures. Rule 8.17.808, ARM, is consistent with that interpretation.

▮ Like the Board, the Attorney General of the State of Montana has interpreted § 37-29-403, MCA, as requiring that a denturist's patient be seen by a dentist before partial dentures are made. "When section 37-29-403, MCA, is construed in its entirety, it becomes clear that a denturist has no discretion with respect to referral of a patient to a dentist before the making and fitting of partial dentures." 44 Op. Att'y Gen. No. 36 (1992).

We conclude that plaintiffs have not made a clear showing that Rule 8.17.808, ARM, adds provisions not envisioned by the legislature. We hold that the District Court erred when it declared that rule invalid as an improper interpretation of § 37-29-403, MCA. We therefore reverse the District Court's determination and vacate the injunction prohibiting enforcement of Rule 8.17.808, ARM.

We make no decision as to plaintiffs' constitutional argument, which argument the District Court did not reach in rendering its opinion.

JUSTICES GRAY, WEBER and LEAPHART concur.

JUSTICE HUNT dissenting.

I dissent from the majority opinion.

The majority concludes that the plaintiffs failed to make a clear showing that 8.17.808, ARM, adds provisions not envisioned by the Legislature, and therefore, that 8.17.808, ARM, should stand. However, a party challenging the validity of a regulation is not restricted exclusively to making a clear showing that the regulation adds provisions not envisioned by the Legislature. Under *Board of Barbers*, and § 2-4-305(5), MCA, an administrative regulation may also be overruled upon a clear showing that the regulation adds requirements which are contrary to the statutory language. At issue is the correct interpretation of the phrase "as needed." In any manner of construction, "as needed" is an expression of discretion, rather than compulsion. Had the intent of § 37-29-403(1)(b), MCA, been to mandate referring a partial denture patient first to a dentist, "as needed" would have been omitted from subsection (1)(b).

The majority adopts the Board's argument that plaintiffs' interpretation of subsection (1)(b) would render subsection (1)(c) superfluous. The Board asserts that the statute should be read "as a whole to give effect to the purpose of the statute." However, the only way to reach the Board's, and the majority's, conclusion that the phrase "as needed" is compulsory, is to read subsection (1)(c) in isolation. If read in isolation, subsection (1)(c) mandates that the denturist shall make and fit the partial denture after the dentist has completed the procedures listed in subsection (1)(b). If read as a whole, the procedures referred to in subsection (1)(b) by subsection (1)(c) are employed "as needed." If those procedures are not needed, the denturist will simply make the partial denture and fit it to the existing teeth.

The purpose behind § 37-29-403, MCA, is to provide less expensive denture services for those who seek to avoid the additional expense of involving a dentist in the process of fitting dentures where his or her services are not needed. The phrase "as needed" gives effect to that purpose. The record shows that the plaintiffs' made a clear and compelling showing that 8.17.808, ARM, adds requirements which are contrary to the statutory language of § 37-29-403, MCA. As a result, I would affirm the District Court's decision to grant plaintiffs' request for an injunction barring the enforcement of 8.17.808, ARM.

JUSTICES TRIEWEILER and NELSON join in the foregoing dissenting opinion.