JOHN J. MING, INC., Petitioner, *v.* The DISTRICT COURT
OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE
OF MONTANA, IN AND FOR THE COUNTY OF LINCOLN AND
THE HONORABLE ROBERT S. KELLER, A JUDGE THEREOF,
RESPONDENTS.

No. 11812.
Submitted February 9, 1970.
Decided March 25, 1970.
466 P.2d 907.

Rognlien, Hash & O'Brien, Kalispell, Kenneth E. O'Brien argued, Kalispell, for appellant.

Fennessy, Crocker & Arness, Libby, Franklin Arness argued, Libby, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an original proceeding wherein petitioner seeks an appropriate writ to require the respondent court to vacate and set aside an order granting a new trial and permitting receipt of additional testimony.

Counsel for petitioner was heard ex parte and thereafter this Court issued an order to show cause. In response to the order respondents filed a motion to quash, motion to dismiss, answer and return, together with memorandum of authorities and counsel for petitioner and respondent were heard in oral argument.

It appears that a cause entitled C & L Plumbing and Heating, Inc., a corporation, Plaintiff, v. John J. Ming, individually, and Ming Construction, Inc., and Harold E. Bitterman and Dorothy T. Bitterman, defendants, pending in the district court of Lincoln County, was regularly tried by the respondent court, sitting without a jury, and a judgment entered in favor of the plaintiff in the amount of $1,596.06 on September 23, 1969. On September 25, 1969, judgment was filed by the clerk, copy mailed to counsel for the defendant and copy personally delivered to plaintiff's counsel.

On October 14, 1969, plaintiff filed a motion for a new trial, or in the alternative for an amendment of judgment.

This motion read:

"Plaintiff C & L Plumbing & Heating, Inc., a corporation, moves in the alternative for an order vacating and setting aside the findings of fact and conclusions of law on file herein and granting plaintiff a new trial, or for an order altering and amending judgment to show judgment entered for plaintiff in the amount of $2,638.50 for the following reasons:

"Plaintiff has evidence which plaintiff believes to have been offered at the trial of this case showing that the full amount of $2,638.50 is justly due and owing from defendant to plaintiff; that through apparent mistake a portion of the interrogatories answered by plaintiff were not before the court; that this action was consolidated for trial with twelve other actions (consolidated into five lawsuits) for trial on a single day and that through apparent confusion of the action that certain answers to interrogatories which were on file in this case appear not to have been offered; that upon the granting of this motion such offer will be made and as for the purpose of making such offer that this motion is made. This motion is made pursuant to the provision of rules 59 and 60 M.R.CivP."

In support of this motion counsel for the plaintiff filed his affidavit which read:

"Franklin Arness, being first duly sworn upon oath, deposes and says that he is the attorney for plaintiff in the above entitled action and has evidence which he believed to have been offered at the trial of this action which will show that defendant is indebted to plaintiff in the amount of $2,638.50; that such evidence appears to have been offered only in part and that to prevent a manifest injustice plaintiff should be allowed to re-open or be awarded a new trial to offer evidence of such indebtedness, that plaintiff believed such evidence had been offered but because of the number of cases consolidated for trial and in an attempt to expedite the business of the court a portion of the evidence sought to have been offered was omitted."

On October 30, 1969, the respondent court granted the motion and ordered the taking of additional testimony. Petitioner filed a motion for reconsideration of this order and during the hearing upon the motion an examination of the court file disclosed that no notice of entry of judgment as required by Rule 77(d), M.R.Civ.P. had been given and the court thereupon granted the motion to reconsider, set aside

the order granting the new trial, and held that the motion had been made prematurely since no notice of entry of judgment had been made.

On November 7, 1969, counsel for the plaintiff read a stipulation into the record and we quote the court record:

"MR. ARNESS: I am authorized on behalf of the plaintiff and also by counsel for the defendant to read into the record the following stipulation entered into between counsel on November 6, 1969: Let the record show that notice, pursuant to Rule 77(d) has been given to defendant by plaintiff and that plaintiff has filed its motion for new trial, or in the alternative for an amendment which is identical to the motion that was filed by plaintiff herein on October 14, 1969; that the defendant has filed its objections which are identical to those that were filed by him to the motion previously made by plaintiff on October 14, 1969, and that the matter is now submitted to the Court for ruling. It is further stipulated between counsel for plaintiff and defendant that in the event that plaintiff's motion is granted, the plaintiff may offer and does offer in evidence all the answers to the interrogatories appearing in the Court file in this case, and thereupon rests its case; it being agreed that the answers are admitted as though offered through witnesses by the plaintiff and that in the event that such offer is made, that the defendant then wishes to present rebuttal testimony during the week of October 17, at the earliest, and shall be permitted to do so, and the plaintiff shall have the opportunity to offer surrebuttal if new matters are offered in the rebuttal.

"THE COURT: November 17?

"MR. ARNESS: Yes, November 17.

"THE COURT: Not October.

"MR. ARNESS: I meant November 17. November 17 is the earliest that Mr. O'Brien said he could come back up.

"THE COURT: Now, am I to understand by that stipulation that you are stipulating that notice of entry of judgment has

been given and that notice of motion for new trial has been given and the notice of motion for new trial and the new trial motion are to be the same as already on file just as if they had been done anew and refiled with the Court?

"MR. ARNESS: That is the stipulation, Your Honor.

"THE COURT: Very well, the motion for new trial is granted. Now, the problem with this is the minute entry that we had that we just did this morning for yesterday morning in here before this stipulation, so you can show what happened and then the stipulation should be transcribed and put in the record so we have it. And the motion for new trial is granted and the Court will accept the testimony as being all of the answers to interrogatories on file, and we will find a date. It will be the 20th or 21st of November. Then we will have whatever rebuttal, answering testimony there is to be by the defendant.

"MR. ARNESS: Thank you, Your Honor.

"THE COURT: When I say, the motion for new trial is granted, I am referring to the alternative under Rule 59(a) in which you can give additional testimony. We are not going to have another trial of this matter.

"MR. ARNESS: No, it is my understanding that we offered the interrogatories and that is it.

"THE COURT: Fine."

While petitioner contended that the motion was not timely made this stipulation appears to effectively dispose of that argument.

The second issue raised by the petitioner is that the motion for a new trial was granted under Rule 59 9(a), M.R. Civ.P., which reads:

"A new trial may be granted to all or any of the parties and on all or part of the issues for any of the reasons provided by the statutes of the State of Montana. On motion for a new trial in an action tried without a jury, the court may take additional testimony, amend the findings of fact and conclu-

sions of law or make new findings and conclusions, set aside, vacate, modify or confirm any judgment that may have been entered or direct the entry of a new judgment."

The statute of Montana which sets forth the reasons for granting a new trial is section 93-5603, R.C.M.1947, and petitioner asserts that nowhere in that section is the inadvertent omission or failure to introduce testimony set forth as a reason.

Plaintiff contended that if there must be a statutory ground for the motion it is contained in subd. 3 of section 93-5603, R.C.M.1947, which lists: "Accident or surprise, which ordinary prudence could not have guarded against * * *."

Plaintiff further argues that if this category is not acceptable that the motion was also based upon Rule 60, M.R.Civ.P., which permits the court on motion to relieve a party from a final judgment by reason of "* * * (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment."

Authorities who have considered Rule 60, M.R.Civ.P., state that relief from a final judgment rests in the sound discretion of the Court, guided by accepted legal principles. That if no intervening rights have attached in reliance upon the judgment, and no actual injustice will ensue, the relief sought should be granted rather than denied. Here the motion was made in a reasonable time, was timely made, and good reasons appear for the relief requested. Further, it would not protract the litigation, nor would any hardship be caused by reopening the judgment. For these reasons it does not appear that the court abused its discretion. See text and cases cited in 3 Barron & Holtzoff, § 1323.

While it is true that the court did not grant the relief under Rule 60(b), it could have. The rule states: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * *." This wording would permit the court to make the identical ruling

it did to reopen the judgment and present further evidence by both parties.

We discussed Rule 60(b) in Schmidt v. Lloyd, 152 Mont. 158, 447 P.2d 485, and we there stated:

"Since our rules should be liberally construed, in view of the situation here prevailing and to the end that justice be done, the district court should have granted the relief sought and failure to do so constitutes an abuse of discretion."

In this cause the district court did grant the relief necessary, though couched its order under Rule 59(a), M.R.Civ.P. When all that is being sought is justice in this cause, should we hold that this constitutes an abuse of discretion. We will not do so.

It therefore appearing that our order to show cause was improvidently issued it is annulled and the motion to quash this proceeding is granted and the same is dismissed.

MR. JUSTICES CASTLES, JOHN C. HARRISON and HASWELL, concur.