PERRY H. KELLER, Plaintiff and Appellant, *v.* BEN HANSON and ROY HANSON, Defendants and Respondents.

No. 11927.
Submitted April 16, 1971.
Decided May 26, 1971.
485 P.2d 705.

Morrow, Nash & Sedivy, Bozeman, James H. Morrow, Jr., argued, Bozeman, for plaintiff-appellant.

Knight, Dahood & Mackay, Anaconda, David M. McLean, argued, Anaconda, for defendants-respondents.

MR. JUSTICE DALY delivered the Opinion of the Court.

This is an appeal from an order setting aside a default judgment by the District Court of the Fifth Judicial District in the County of Madison.

Plaintiff filed a civil action February 13, 1970 and the two defendants were served February 17 and 18, 1970 respectively. No appearance was entered within 20 days and default judgment was entered against defendants March 2, 1970. An appearance was submitted to the clerk of court on behalf of defendants March 20, 1970 and returned to defendants attorney with the advice judgment had been entered.

Defendants filed a motion to set aside the default judgment pursuant to Rule 60(b) (1), M.R.Civ.P., upon the grounds of mistake, inadvertence and excusable neglect. The motion generally stated that there was a meritorious defense and that defendants' attorney after receiving plaintiff's complaint had somehow misfiled it under defendant Ben Hanson's name in another file as there were 3 other active files in the office pending at that time in Ben Hanson's name.

The motion was heard on July 2, 1970, and the court entered its order that day vacating and setting aside the default judgment and ordered the defendants' answer and counterclaim filed.

Rule 60(b), M.R.Civ.P. is as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect * * *."

■ ■ Plaintiff contends first that no facts were presented to the trial court to demonstrate excusable neglect and speaks in terms of *"testimony oral or written."*

Both litigants in this case have cited Robinson v. Petersen, 63 Mont. 247, 206 P. 1092, relating to vacating default judgments:

"The universal rule is that *there must be a statement of facts* so that the court can determine whether or not the mistake, inadvertence, surprise or excusable neglect urged in support of the motion is within the contemplation of the statute. * * * Mistake, inadvertence, surprise or excusable neglect

in the abstract are no plea upon which to set aside a default. The court must be made acquainted with the reasons for the same, and, if satisfactory, will act upon them. * * *" (Emphasis added.)

There is no requirement that the facts be made known to the court under oath. Facts were presented by motion here as required by Rule 60(b), M.R.Civ.P. and the statute was not pleaded in the abstract. This Court has repeatedly held that a motion to set aside a default judgment is addressed to the sound discretion of the trial court; this Court will not interfere except upon a showing of manifest abuse; and the trial court should exercise liberality since judgment by default is not favored. Madson v. Petrie Tractor & Equipment Co., 106 Mont. 382, 77 P.2d 1038. We find no such abuse.

Plaintiff further argues that defendants' answer and counterclaim was not verified or under oath and hence fails to meet the requirement of an affidavit of merits in support of defendants' motion setting forth the facts constituting their defense.

It would be appropriate in this case to comment that upon the adoption of the Montana Rules of Civil Procedure there was a departure from the rigid procedural philosophy to one of substance which is modeled after the federal rules in an effort to more equitably reflect the true intent of the law. Since the adoption of these rules, it is not ordinarily required that either a complaint or an answer be verified. Rule 11, R.R.Civ.P. Nor is there any such requirement in Rule 60(b), M.R.Civ.P. to come under the exceptions stated in Rule 11. Therefore an affidavit of merit is no longer required.

Judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, HASWELL, and CASTLES, concur.