No. 14630

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

LITTLE HORN STATE BANK, a
Montana Banking Corporation,

                    Plaintiff and Respondent,

        -vs-

GEORGE REAL BIRD, JR. and
RAMONA REAL BIRD,

                    Defendants and Appellants.

_____

Appeal from:  District Court of the Thirteenth Judicial District,
              Honorable Charles Luedke, Judge presiding.

Counsel of Record:

        For Appellants:

            D. Michael Eakin, Legal Services, argued, Hardin, Montana
            Steven L. Bunch, Legal Services, argued, Helena, Montana

        For Respondent:

            Clarence T. Belue argued, Hardin, Montana

_____

                        Submitted:  June 11, 1979
                          Decided: AUG - 9 1979

Filed:  AUG - 9 1979


_____
              Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff bank brought this action in Justice Court, Big Horn County, to recover money owing from defendant on certain promissory notes. The Justice Court entered a default judgment in favor of plaintiff. Defendant's motion to set aside the default was denied, and she appealed to the District Court. The District Court dismissed the appeal, and defendant appeals from the dismissal.

In December 1977, plaintiff initiated this action in Justice Court to recover money owing from two loans made to defendant. Service of process was completed on defendant on January 10, 1978. On January 12, defendant appeared before the Justice Court and sought the court's assistance in negotiating a settlement. No written appearance was made nor was there any showing the defendant had an attorney at that time. At the suggestion of the Justice Court, defendant contacted plaintiff's attorney and tried to reach a settlement. She paid the attorney $150 on her account and left with the understanding that no action would be taken in the matter while she attempted to secure a loan to pay off the remainder of the indebtedness.

On January 23, without notice to the defendant, the Justice Court entered a default judgment in favor of the bank and issued a writ of execution. The judgment did not give the defendant credit for the $150 paid by her to plaintiff's attorney. Defendant learned of the default when her only nonexempt asset was seized pursuant to the writ of execution. Defendant then contacted an attorney and filed a timely motion to set aside the default judgment, supported by an affidavit setting out defenses, counterclaims, and facts to show defendant was not required to file a written answer. The Justice Court denied the motion.

Defendant then filed notice of appeal in Justice Court. She was unable to find sureties for undertaking, so she submitted an affidavit of inability to provide the undertaking. Plaintiff objected to the jurisdiction of the District Court to hear the appeal when no undertaking was provided. The District Court dismissed the appeal, and this appeal followed.

Defendant presented two issues on appeal involving violation of constitutional rights, both state and federal. Due to the peculiar facts surrounding the entry of the default judgment here, we find it unnecessary to consider the two issues on appeal. Rather, we base our decision on Montana case law dealing with considerations similar to those presented in this case.

In Brothers v. Brothers (1924), 71 Mont. 378, 383-84, 230 P. 60, 61, this Court said: "No great abuse of discretion by the trial court in refusing to set aside a default need be shown to warrant a reversal, for the courts universally favor a trial on the merits." The Court went on to state it is preferable to dispose of cases on their merits than to maintain too strict a regard for technical rules of procedure. Brothers, 71 Mont. at 384, 230 P. at 61. Here, the record shows the plaintiff took a default after the defendant felt she had been assured she would be given time to negotiate a settlement, and the judgment entered exceeds the amount defendant owed plaintiff at the time the court entered judgment by $150. Given the above rule favoring hearing cases of this nature on their merits, defendant should have her day in court.

We therefore find the judgment erroneous and remand the case to the District Court of Big Horn County with directions to set aside the default entered and return the cause to the Justice Court for further proceedings.

_____
Justice

-3-

We concur:

_____
            Chief Justice

_____

_____

_____
              Justices