No. 81-244

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

UNITED FARM AGENCY, a Missouri Corp.,
and BILL PALMER,

        Plaintiffs and Respondents,

    -vs-

EDWARD H. BLOME and ESTA R. BLOME,
husband and wife,

        Defendants and Appellants.

Appeal from:  District Court of the Fifth Judicial District,
             In and for the County of Beaverhead, The Honorable
             Frank E. Blair, Judge presiding.

Counsel of Record:

    For Appellant:

        Page Wellcome, Bozeman, Montana

    For Respondent:

        Jardine, McCarthy & Grauman, Whitehall, Montana

                    Submitted on Briefs:  September 17, 1981

                                Decided:  June 24, 1982

Filed: **JUN 24 1982**

_Thomas J. Kearney_
_____
                      Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

We remand this case to the Beaverhead County District Court because to do otherwise would result in a gross miscarriage of justice. In this case, the defendants filed a notice of appeal in a blatant attempt to deprive the trial court of jurisdiction to rule upon a motion to reamend an already amended judgment. It is necessary that we review the trial court's second amended judgment in order to reach the real merits of this case, despite the defendants' claim that their notice of appeal prevented the trial court from entering its second amended judgment.

Plaintiffs Palmer and United Farm Agency (UFA), as real estate agents and brokers, sold farm lands for the Blomes and received money from the purchasers. When the Blomes failed to pay Palmer his sales commissions, Palmer and UFA sued them to recover the commissions.

The Blomes filed a general denial but also alleged that Palmer and UFA had failed to account for some of the money received from the sales. Because of this failure to account, the Blomes alleged in their answer that they were entitled to treble damages under the Montana Real Estate Licensing Act. The Blomes also alleged that they were entitled to an offset against the unpaid commissions because Palmer and UFA had failed to account for an amount between $10,000 and $20,000, but in an amended answer filed three days before trial, the exact amount was alleged to be $16,014.

After a nonjury trial in which the Blomes presented an accountant's uncontradicted testimony that Palmer and UFA had failed to account for $16,014, the trial court did not permit the claimed offset and held that the Blomes owed

$23,100 in unpaid commissions. Based on the accountant's testimony, the Blomes moved the trial court to amend the judgment to allow the $16,014 offset. Although Palmer and UFA opposed the motion, they offered no evidence to contradict the accountant's testimony. After the trial court amended the judgment, however, Palmer and UFA apparently had second thoughts about the propriety of the offset and hired an accountant of their own.

Based on their accountant's findings, Palmer and UFA then moved the trial court, in effect, to reopen the trial so that their accountant could testify that the $16,014 had been properly accounted for, and therefore, that it shouldn't be allowed as an offset. The trial court set a hearing on this motion for April 23, 1981 (later rescheduled for April 30, 1981), but before the hearing took place, the Blomes filed a notice that they were appealing from the first amended judgment. Blome's counsel appeared at the April 23 hearing and argued that because of the notice of appeal, the trial court had been stripped of jurisdiction to hear Palmer's and UFA's motion. The trial court nonetheless heard the accountant's testimony and was satisfied that the $16,014 had been properly accounted for. An order was entered which held that the offset was not allowed and that the amount of the judgment was increased back to the original amount of $23,100 plus interest. The trial judge also filed a memorandum setting forth his dissatisfaction with the Blomes' attempt to deprive him of jurisdiction to rule upon the motion to reamend the judgment.

Because the notice of appeal did strip the trial court of jurisdiction, we are unable to review the second amended

judgment. But it would also be unfair for us to review the first amended judgment because it does not accurately reflect the true picture at the trial level. To review only the first amended judgment would perhaps allow the Blomes an undeserved windfall. The first amended judgment, by allowing the $16,014 offset, decreased the original $23,100 judgment to $7,086. The Blomes, however, by obtaining the offset, also contend that the failure to account for the $16,014 amounted to a breach of trust under the Montana Real Estate Licensing Act which entitles them to treble damages as a matter of law. If the Blomes are correct, they would be entitled to treble damages of $48,042, in addition to the $16,014 offset against the unpaid commissions. This result is neither fair nor procedurally justified.

It is true that the appeal from the first amended judgment divested the trial court of jurisdiction, and that the trial court therefore had no authority to hold the April 23 hearing. But it is equally true that we will not be a party to what could be a manifest injustice if we were to review only the first amended judgment.

The Blomes contend that they cut off the trial court's jurisdiction to hear the second motion to amend when they filed their notice of appeal. Although the Blomes are correct in this contention, nothing prevents this Court from giving jurisdiction back to the trial court. Under section 3-2-204, MCA, this Court may consider any trial court proceedings which affect the respondents' substantial rights and may, for good cause, order further proceedings to be had. We dismiss this appeal without prejudice, and remand to the trial court for the consideration of Palmer's and UFA's motion to disallow the $16,014 offset.

We award costs on appeal to Palmer and UFA. The Blomes knew or should have known that we would not review the first amended judgment because their notice of appeal prevented review of this case on its merits. Assuming the Blomes to be correct in their assertion that a failure to account for $16,014 in sales money entitled them to treble damages, they should have known that before we could approve such a judgment, we would have to be satisfied that the entire record supported that assertion. The purpose of Palmer's and UFA's motion to amend the first amended judgment was to reopen the case for their accountant's testimony that the $16,014 had been accounted for.

We also issue a warning to counsel that if such procedural tactics persist, we shall impose Rule 32, M.R.App.Civ.P, sanctions against the offending party. Here, the Blomes did not contend that the trial court had no authority to hear and rule upon Palmer's and UFA's motion to reamend the judgment, but rather, in an effort to cut off the trial court's authority to rule, the Blomes appealed from the judgment that Palmer and UFA were seeking to amend. We condemn these tactics. They have only one effect-that of frustrating justice.

This cause is remanded to the District Court for further proceedings.

Daniel J. Shea
Justice

-5-

We Concur:

_____
Chief Justice

_____

_____

_____
Justices