No. 85-587

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

TWENTY-SEVENTH STREET, INC., a
Montana Corporation,

            Plaintiff and Respondent,

    -vs-

BOB JOHNSON and BEVERLY JOHNSON,
d/b/a RAIL INN,

            Defendants and Appellants.

_____

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Calton & Hamman; Robin A. Wolff, Billings, Montana

        For Respondent:

            English & Lee; Bruce E. Lee, Billings, Montana

_____

                            Submitted on Briefs: Feb. 26, 1986

                                Decided: April 1, 1986

Filed:   APR 1 1986


_____
                Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Bob Johnson and Beverly Johnson d/b/a Rail Inn appeal from an order of the District Court, Thirteenth Judicial District, Yellowstone County denying their motion to set aside a default judgment. We reverse and remand.

The sole issue on appeal is whether the District Court erred in not setting aside the default judgment on the basis of mistake, inadvertence or excusable neglect.

Bob and Beverly Johnson are the owners of the Rail Inn Motel in Forsyth. In the summer of 1983, they negotiated with Cash Register Systems, Inc. for a cash register and a drink mixer. The salesman told them that because the equipment would be left at the motel, they had to sign a lease, but that no payments would be due until the equipment was installed and operating properly. The Johnsons signed a lease agreement with Rubick Leasing Co. that obligated them to pay $359.37 per month for the next four years. Johnsons claimed the equipment was never properly installed so the Johnsons returned it to Cash Register Systems, Inc. in July 1983.

Meanwhile, Rubick Leasing assigned its interest in the lease to Twenty-seventh Street, Inc. In September 1984, Twenty-seventh Street instituted an action against the Johnsons for over $14,000. The Johnsons hired an attorney who entered negotiations with Twenty-seventh Street, Inc. In January 1985 the Johnsons dismissed their attorney. He filed a praecipe to clerk and sent a letter to opposing counsel explaining he had been dismissed. In March 1985, he moved to withdraw as counsel of record. On the same day the attorney

also moved for additional time for Johnsons to file their answer and get substitute counsel. However, the motion for withdrawal did not include any documentation that the Johnsons agreed to the dismissal. The motion was never set for hearing and the Court did not issue an order allowing the attorney to withdraw. On June 12, 1985, Twenty-seventh Street moved for default judgment. They served notice of this motion on the attorney of record. On June 19 default judgment was entered and the next day Twenty-seventh Street executed on the Johnson's bank account.

The Johnsons hired a new attorney who moved to set aside the default judgment against the Johnsons under Rule 60(b), M.R.Civ.P. on the basis of mistake, inadvertence, surprise, or excusable neglect. The District Court denied this motion. The Johnsons have appealed.

Rule 55(c) of the Montana Rules of Civil Procedure allows a default judgment to be set aside in accordance with Rule 60(b). Rule 60(b) states that a judgment may be set aside due to mistake, inadvertence, surprise or excusable neglect. The Johnsons contend the facts show mistake and excusable neglect, thus the judgment should be set aside. They contend they received no notice of the impending default judgment, and that they had believed the suit was resolved by their first attorney. Twenty-seventh Street argues the facts show inexcusable negligence and wanton disregard of the judicial process. They argue they properly served the attorney of record and it would have been improper for them to communicate directly with the Johnsons. The court file shows that counsel for Twenty-seventh Street had in fact communicated by letter with the Johnsons on October 5, 1983, when Johnsons were represented by counsel.

The standard of review of a refusal to set aside a default judgment is a slight abuse of discretion by the District Court. If a motion to open a default is made, and is supported by a showing that leaves responsible minds in doubt, courts tend to resolve doubts in favor of the motion, since courts favor a trial on the issues over a default judgment. Cure v. Southwick (1960), 137 Mont. 1, 349 P.2d 575; Patterson v. Patterson (1947), 120 Mont. 127, 179 P.2d 536; Brothers v. Brothers (1924), 71 Mont. 378, 230 P. 60.

In Reynolds v. Gladys Belle Oil Co. (1926), 75 Mont. 332, 243 P. 576, we dealt with a similar situation. In Reynolds a default judgment was entered against a foreign corporation because the registered agent of the company forwarded the papers served on him to the attorney who had been general counsel of the company. Unbeknownst to the agent, the company had dismissed that attorney. The papers mailed to the attorney did not come into the hands of the president of the company until the day before the default judgment was entered.

We held in Reynolds that the agent was negligent and opened the default judgment for further proceedings. Likewise here, the attorney was negligent in not properly withdrawing and not notifying his former clients of the pending motion for judgment of default. We reverse the denial of the motion to set aside the judgment and remand for further proceedings.

Twenty-seventh Street also contends that this appeal is moot to the extent that the judgment has been satisfied by execution. We disagree. If a judgment has been paid voluntarily, it amounts to an accord and satisfaction. However, if a judgment has been paid under legal coercion,

- 4 -

that judgment remains a proper subject for judicial review. State v. Rafn (1956), 130 Mont. 554, 304 P.2d 918. In this case, the judgment was partially paid after execution by Twenty-seventh Street. That does not constitute voluntary payment which would moot the issues on appeal.

The denial by the District Court of the motion to set aside the default judgment is reversed and the cause remanded for further proceedings.

_John C. Sheehy_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_L. C. Gulbrandson_,

_William E. Hunt_
Justices

- 5 -