No. 89-87

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

IN RE THE MARRIAGE OF
GENE G. MILLER, (Deceased)

Petitioner and Appellant,

and

NANCY G. MILLER,

Respondent and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James Wheelis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

D. R. Matthews, Missoula, Montana
H. L. Garnaas, Missoula, Montana

For Respondent:

Michael Sol; Sol & Wolfe, Missoula, Montana

Submitted on Briefs: May 18, 1989

Decided: July 6, 1989

Filed:

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Gene Miller appeals from an order of the Fourth Judicial District Court, Missoula County, denying his motion to amend the order issued November 14, 1988, which had set aside a prior decree of dissolution. We reverse.

The parties married June 14, 1985. The husband filed a petition for legal separation three months later, contending that the marriage was irretrievably broken. On October 4, 1985, the wife was personally served with a copy of this petition and with a summons requiring her to answer the petition. The wife failed to file an answer or make any other appearance. Consequently, the husband moved for a default judgment. Following a brief hearing on November 8, 1985, the court entered a default judgment granting the husband's petition for a decree of legal separation.

On September 2, 1986, attorney for the wife, Larry Meyer, filed and served upon the husband's attorney a motion for entry of a decree of dissolution. The motion was based on the fact that more than six months had passed, without reconciliation, since the decree of legal separation. Hearing on this motion was indefinitely continued per the request of attorney Meyer, who did not take any further action in this matter. Meyer moved to California prior to issuance of notice of the petition for dissolution.

The husband filed a similar motion for entry of decree of dissolution on May 6, 1988. This motion was served on attorney Meyer, who remained the attorney of record for the wife; Meyer did not notify the wife of this motion. A hearing on husband's motion was held on May 27, 1988. Neither the wife nor an attorney acting on her behalf were present at this hearing. The District Court entered a decree

2

of dissolution at the conclusion of this hearing. No notice of entry of this decree was filed or served by either party.

The husband died intestate on June 19, 1988. Thereafter, on August 22, 1988, the wife filed a motion to set aside the decree of dissolution and to substitute the personal representative of the estate of Gene Miller for the deceased in this matter. By affidavit offered in support of this motion, the wife alleged the District Court erred in granting the decree of dissolution as the marriage was not irretrievably broken. She contends this allegation is supported by the fact she and the deceased were traveling to Missoula to remarry when the husband suffered a heart attack and died.

On September 2, 1988, attorney for the husband's estate filed a motion to dismiss the wife's August 22, 1988 motion. A memorandum in support of this motion was filed on September 13, 1988.

The District Court did not enter judgment on either motion until November 14, 1988, at which time the court granted the substitution motion and ordered the decree of dissolution set aside for the following reasons: 1) the decree was void for lack of any testimony or evidence that the parties had lived apart for more than 180 days or that the marriage was irretrievably broken; 2) the wife had not received proper notice of the motion for dissolution of the marriage; and 3) the court deemed the wife's allegations to be well taken since the attorney for the estate failed to file a brief in support of his motion to dismiss within the time required by Rule 2 of the Uniform District Court Rules. Notice of entry of this judgment was filed the same day. The District Court subsequently denied the estate's motion to amend this November 14, 1988 judgment, and the petitioner thereafter filed this appeal.

The following issues are submitted upon appeal:

1. Did the District Court lose jurisdiction by failing to rule within 45 days of the date the motion to set aside the decree of dissolution was filed?

2. Did the District Court err in holding that the petitioner's late filing of his brief in opposition to the motion to set aside the dissolution warranted a summary ruling in favor of the wife?

3. Did the District Court err in holding that no testimony existed indicating that the marriage was irretrievably broken?

4. Did the District Court err in determining that the wife was not represented by counsel at the time of dissolution and that service of the motion for dissolution upon attorney Meyer failed to give her proper notice?

The wife contends that the husband's failure to file a response brief within the mandatory time limits automatically deemed the motion to set aside the judgment admitted as well taken. The wife argues that this admission "cannot then be undone by subsequent application of Rule 60(b) or Rule 59(g), M.R.Civ.P."

Rule 2 of the Uniform District Court Rules did in fact require the husband, as the adverse party, to file a response brief to the wife's motion within ten days after the wife filed her motion and supporting brief. The husband failed to file his brief within this period. This failure is deemed an admission by the husband that the motion is well taken. See Rule 2(b), U.D.C.R. The District Court then _could_, within its discretion, grant a summary ruling in favor of the wife. The court, however, failed to immediately grant such a ruling. Instead, the court waited approximately 74 days before so ruling. The court's ruling, per Rule 2, U.D.C.R., thus was not a _prior_ ruling, as argued by the wife, which

4

would automatically preempt any subsequent application of Rules 60(b) and 59(g), M.R.Civ.P.

The wife next contends that the 45 day limit specified in Rules 60(c) and 59(g)., M.R.Civ.P., during which a district court must rule on a motion properly before it or the motion will be deemed denied, had not expired prior to the November 14, 1988 ruling. She asserts that a notice of entry of judgment begins the running of all jurisdictional time limits. Because such a notice had not been filed after the May 8, 1988 dissolution decree, she contends that none of the post-trial motion time limits had even begun to run, let alone expire, when the court issued its November 14, 1988 order setting aside the decree. This argument, which goes beyond the clear and unambiguous language of the statute, finds no support in law.

A court is required to rule on a post-judgment motion to set aside (Rule 60(b), M.R.Civ.P.) or to amend (Rule 59(g), M.R.Civ.P.) a judgment within 45 days of the date the motion is filed. Rules 60(c) and 59(g), M.R.Civ.P., expressly state that this 45 day limit is the same as that respecting motions for a new trial as set forth in Rule 59(d), M.R.Civ.P.:

> If the court shall fail to rule on a motion for new trial within 45 days from the time the motion is filed, the motion shall, at the expiration of said period, be deemed denied. (Emphasis added.)

The rules clearly state that the 45 day time limit for ruling on such post-trial motions begins on the actual date the motion is filed.

No statutory provision exists, unlike that provision existing for a notice of appeal, which states that this 45 day period, in cases in which a post-judgment motion is filed prior to notice of entry of judgment, shall be treated as beginning on the day of the notice of entry of judgment. Cf.

5

Rule 5(a)(2), M.R.App.P. (expressly stating that a prior notice of appeal will be treated as filed on the subsequent date that notice of entry of judgment is filed). We therefore hold that a notice of entry of judgment, in regard to post-judgment motions, will not affect the time within which a court must rule on the motion. However, if the notice is never filed, a moving party potentially would have an unlimited time within which to file the respective motion. Once the motion is made, however, the time frame within which the court must act begins. See, e.g., Winn v. Winn (1982), 200 Mont. 402, 408, 651 P.2d 51, 54.

When the court failed to rule on the wife's motion to set aside the judgment within 45 days of the date the motion was filed, the matter was deemed denied and the court lost jurisdiction of the particular issue. Having so ruled, we need not discuss the other challenges to the validity of the November 8 and December 16, 1988 orders issued by the District Court.

We reverse and reinstate the decree of dissolution entered May 27, 1988.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

6