NO.   91-262

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF
CHRISTOPHER KEVIN McKINNON,

       Petitioner and Appellant,

  and

IVY THERESE MCKINNON,

       Petitioner and Respondent.

FILED

JAN 2 8 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Joel G. Roth, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Timothy J. McKittrick; McKittrick Law Firm, P.C.,
          Great Falls, Montana

      For Respondent:

          Barbara Bell; Bell and Marra, Great Falls, Montana


                Submitted on Briefs:  October 24, 1991

                      Decided:  January 28, 1992

Filed:

_____
               Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Christopher McKinnon appeals from an Order of the District Court of the Eighth Judicial District, Cascade County, granting Ivy McKinnon's Motion for Relief from Final Judgment. We affirm in part, reverse in part and remand.

The dispositive issues on appeal, as stated by this Court, are:

I. Whether the District Court erred in concluding that § 40-6-135, MCA, relates only to relinquishments for purposes of adoption.

11. Whether the court had jurisdiction to rule on the Motion for New Trial or for Modification of Custody or for Relief from Final Judgment.

The relevant facts of this case are procedural in nature. On July 3, 1990, the appellant, Christopher McKinnon (Chris), and the respondent, Ivy McKinnon (Ivy), signed a joint petition for dissolution of their marriage. Ivy also signed a relinquishment of parental rights concerning the parties' minor son. The action proceeded on the court's uncontested calendar and the District Court entered a Decree of Dissolution on July 25, 1990, granting sole custody of the minor child to Chris based on Ivy's relinquishment of parental rights.

On July 31, 1990, a Motion to Set Aside Judgment and Motion for New Trial were filed on Ivy's behalf. The District Court, in an Order Clarifying Status of Motions dated December 10, 1990,

2

determined that the motions were deemed denied by operation of law on September 14, 1990, for not having been ruled on within the time required by Rule 59, M.R.Civ.P., and that it had lost jurisdiction of the case at that time.

A Motion for New Trial or for Modification of Custody or Relief from Final Judgment was filed on Ivy's behalf on January 25, 1991, together with accompanying affidavits. Chris responded to the legal arguments upon which the motion for new trial or for relief from judgment was based, but did not respond specifically to the motion for modification of custody or file responsive affidavits.

The District Court ruled on March 18, 1991, that the January 25 Motion for Relief from Judgment was timely, that it had continuing jurisdiction over the custody of the minor child pursuant to § 40-4-219, MCA, that the custody portion of the dissolution decree was void because it was based on Ivy's relinquishment, and that Ivy was entitled to relief from final judgment under Rule 60(b)(4), M.R.Civ.P. The court found that § 40-6-135, MCA, applies only to adoptive placement situations. A custody hearing was scheduled, but did not occur due to the filing of this appeal. The best interests of the minor child have not been determined under § 40-4-212, MCA.

I.

Whether the District Court erred in concluding that § 40-6-135, MCA, relates only to relinquishments for purposes of adoption.

Christopher McKinnon relies on § 40-6-135, MCA, as authority for the relinquishment of parental rights in this case. That

3

reliance is misplaced. Section **40-6-135,** MCA, relates by its terms to adoptions. Specifically, § **40-6-135**(1)**,** MCA, applies to legal relinquishments of parental rights in adoption situations: "A parent or guardian who proposes to relinquish custody of a child for purposes of placing the child for adoution. . . ." (Emphasis added.) The plain meaning of the language mandates the conclusion that relinquishments authorized in § **40-6-135,** MCA, relate only to adoptive situations.

Chris relies on subsections numbered (2) and **(5)** in the **1989** version of § **40-6-135,** MCA:

> (2)  Except as otherwise provided in this section, a relinquishment shall be by a separate instrument executed before a notary public.
>
> . . .
>
> **(5)** Upon the filing of a properly and voluntarily executed relinquishment of a child by a parent or guardian, the court shall immediately issue an order terminating the rights of that parent or guardian to that child. . . .

He asserts that those subsections do not reference adoptive situations. It is a settled rule of statutory construction that legislation must be read as a whole in order to ascertain the legislative intent. State v. Magnuson **(1984),** 210 Mont. **401, 682** P.2d **1365.** Here, legislative intent is stated clearly in the plain language of § **40-6-135(1),** MCA: the relinquishments authorized in the statute pertain to adoption situations. The fact that unnecessarily repetitious and redundant language is not reiterated in every subsection does not change the clearly stated purpose of relinquishments under § **40-6-135,** MCA. Therefore, the District

Court's legal conclusion is correct. Steer, Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 803 P.2d 601. The statute relied on by Christopher McKinnon as authority for Ivy's relinquishment does not apply to dissolution proceedings. We affirm the District Court's conclusion.

II.

Whether the court had jurisdiction to rule on the Motion for New Trial or for Modification of Custody or for Relief from Final Judgment.

Ivy's January 25, 1991, Motion was for relief from final judgment, a new trial or modification of custody. It was accompanied by affidavits stating that harmful conditions existed in the minor McKinnon's environment. In its March 18, 1991, Order, the court concluded that under the circumstances of the case the motion had been filed within a "reasonable time" pursuant to Rule 60(b)(4), M.R.Civ.P., that the original grant of custody of the minor child was based on her relinquishment and that her relinquishment was not legally possible. Therefore, the court concluded that the original custody award was void ab initio and granted Ivy relief from the custody portion of its earlier judgment. As discussed above, the District Court was correct in its legal conclusion regarding the relinquishment. It was incorrect, however, in granting Ivy relief from judgment pursuant to Rule 60(b)(4), M.R.Civ.P.

Rule 60(b) motions are subject to the same time period for determination as Rule 59 motions for new trial or amendment of judgment; absent a ruling within 45 days, the motion is deemed

5

denied. Rule 60(c), M.R.Civ.P. In such an event, the court loses jurisdiction. In re Marriage of Miller **(1989), 238** Mont. **108, 776** P.2d **1218.**

Ivy filed her motion for relief from judgment, a new trial or modification of custody on January 25, **1991.** The court ruled on the motion on March **18, 1991,** concluding in part that Ivy was entitled to relief from final judgment pursuant to Rule 60(b)(4), M.R.Civ.P. More than 50 days having elapsed from the filing of Ivy's motion, the portion of the motion seeking relief from final judgment was deemed denied by operation of law; the court did not have jurisdiction of that portion of the motion at the time it issued its March **18, 1991,** Order. Therefore, we reverse the portions of the District Court's Order determining the original custody award void <u>ab</u> <u>initio</u> and granting Ivy relief from final judgment under Rule 60(b)(4), M.R.Civ.P.

The District Court also premised its March 18, **1991,** Order on its continuing jurisdiction over custody matters and its obligation to determine the best interests of the minor child; it did not, however, state specifically that it was setting the custody hearing on the basis of Ivy's alternative motion for modification of custody and supporting affidavits. Section 40-4-220, MCA, sets forth the requirements with which a party seeking modification of custody must comply before a court may grant a hearing on modification; those requirements are jurisdictional. Marriage of Anderson **(1989), 240** Mont. 316, **320, 783** P.2d **1372, 1375.**

Under the unusual circumstances of this case, the record is

6

not clear whether the District Court found Ivy's motion for modification and affidavits sufficient to meet the jurisdictional requirements of § 40-4-220, MCA. The court should have an opportunity to clarify whether it does, or does not, find adequate cause for a hearing on Ivy's motion for modification under that statute, and, if so, to proceed under that statute and § 40-4-219, MCA, to determine whether modification is appropriate.

In summary, we affirm the District Court's determination that § 40-6-135, MCA, relinquishments are not authorized in dissolution proceedings, reverse its grant of relief from final judgment pursuant to Rule 60(b)(4), M.R.Civ.P., and remand for further proceedings on the motion for modification.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

7

January **28, 1992**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Timothy J. McKittrick
McKITTRICK LAW FIRM, P.C.
P.O. Box **1184**
Great Falls, MT  **59403-1184**

BARBARA BELL
Attorney at Law
Suite 201, Liberty Center
9 Third Street North
Great Falls, MT  **59401**

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
       Deputy